Mr. Murphy, I'm sorry, Ms. Murphy. Good morning. Good morning, Your Honors, and may it please the Court, Melissa Murphy Petros for the appellants. May I please reserve three minutes for rebuttal? You may. Thank you. At the outset of this case, of course, we do need to discuss jurisdiction. That was the subject of motion practice before the merits briefing and is further addressed in the briefing. Appellants maintain, for the reasons set out in our brief, that there is jurisdiction for this Court to hear this appeal under two alternative sections of the Federal Arbitration Act, either 16a1e or 16a3. The arbitrator's decision is a final award of arbitration or, conversely, a final decision pertaining to an arbitration for purposes of 16a3. Aside from its title, and titles, of course, are not always controlling, but the title is final award of arbitration. The only issue submitted to arbitration was whether or not the dispute should be arbitrated pursuant to the mandatory arbitration provision in the contract. That wasn't the only dispute. If the arbitrator had found that it was arbitrable, then they would have proceeded on the merits. That is true. And that's right. And the final decision that the arbitrator made was that the dispute is not arbitrable and that it now must be heard in court. Our position is that that is a final award or a final decision with respect to an arbitration. It's a severable issue. The only issue that went to the arbitrator was the issue of whether or not the party's dispute had to be arbitrated. He said that it needed to go to court. It was not arbitrable. He ordered the parties to share the cost of arbitration and, in fact, ordered Mountain Valley to make a payment of about $4,700 to ACRA in order to accomplish that equal sharing. He said, I've decided every issue presented before me, and this arbitration is now closed. So that's a final award of arbitration. It's a final decision of arbitration that, pursuant to the public policy underlying the Federal Arbitration Act, to hear interlocutory appeals of orders denying arbitration is immediately appealable to this court. Even by arbitrators? I'm sorry. When the arbitrator decides that arbitration will not take place, yes. Because, obviously, what happens is the arbitrator here said there will be no arbitration back to the district court. We then move to vacate that order, or that final award, excuse me, so that we now have an order of the district court saying that this case will go into arbitration. I just don't see how that's an award. It's an award because it meets all the indicia of an award. Or conversely, it's a final decision with respect to, it's an award under 16A1E, or alternatively, we've argued it's a final decision under 16A3. Again, I'm sorry. If it's a final decision, one thing that just puzzles me is what the relationship between Rule 54 is and what's going on here. Could you just explain that to me? Right. Rule 54, I don't think that Rule 54, we were, I think, we would be here no matter what. Rule 54, we would have, I'm sorry, I'm just trying to think this through before. There is certainly, I suppose, we could have sought a Rule 54 be finding. I guess my stronger version of the question is why didn't you have to? Right. You've shown it's a final decision. Sure. Rule 54 tells us that in a normal case in which you have a final decision, but there's multiple defendants, multiple claims, you can't just come to us. You've got to get the district court to give you leave to come to us, even when it's final. Yes. Right. So let's say we agree with you, you've shown it's final, but you do have multiple claims and multiple defendants. Or am I wrong about that? Is the action that we're dealing with just a completely separate action under 9 U.S.C.? And so this is just between this defendant and this plaintiff, and your motion for an order really was outside this action? I don't fully understand why Rule 54 wouldn't otherwise apply. It wouldn't otherwise apply because the issue that we've got here is limited to the question of arbitrability. But that would be true of any Rule 54 final decision. It would be limited to the particular issue that it's limited to. So is the right way to read this Rule 9 U.S.C. just outs Rule 54? Yes. Yes. Where does it say that? I think that that result comes from the public policy that many courts, this one, the Supreme Court, have recognized. Is there any case in which there's been multiple parties and multiple claims in which the court has held that 9 U.S.C. trumps Rule 54? I have not found one. So why do you say the court has held it? All those cases are cases in which the only claim was going to be disposed of by the ruling on arbitration. But here there is a claim that's affected by the ruling on arbitration, but there's other defendants with other claims in the same action that are still pending. I don't fully understand why Rule 54 is then irrelevant. Again, you know, the only issue that went to arbitration, and this was very clear in the district court's order and the magistrate's order as well, was the question of whether or not arbitration was going to take place at the outset. Orders with respect to that issue, such as here where the arbitrator said no arbitration, the district court refuses to vacate that order, are immediately appealable. It's an order denying arbitration, so it's immediately appealable under the FAA. I thought all the statute says is that it's a final decision. The statute says that interlocutory appeals may be taken from a final decision. Right, and then you look over at Rule 54. Does Rule 54 not apply to the final decision? Our position would be that Rule 54 just would not apply here because we have an appeal as of right under the Federal Arbitration Act, under either A1E or A3. We have two alternative bases under the Federal Arbitration Act. But you don't know of any court that's ever held that. It's a question of first impression. There's another question that I have about jurisdiction. Since you removed this case, there is a jurisdictional amount, which you claim to be $86,071. In calculating that amount in the complaint, you include attorney fees and costs and interest. How much is involved there? Do you actually exceed the jurisdictional amount if you don't include those? If we don't include those, will we exceed the jurisdictional amount? That can't be included in calculating the $75,000. Am I correct or am I wrong? That's correct, yes. Well, $86,000 is close enough to the $75,000. I would like to know what amount you claim for attorney fees and costs and interest. It would certainly be in excess of that. I think you have to give us a figure. How did we get to the $86,000, including those two amounts? Pardon me, I just want to. Judge DeWay is reminding you that the burden of establishing jurisdiction is on the party. Of course, yes, as the party who removed. That's correct. We have the compensatory damages, the improperly charged composite rates, and then additional premiums and so on. I'm looking at page 2 of our opening letter. Compensatory damages of $18,590 for base fees, $67,481 for improperly charged composite rates, comma, additional premiums, comma, attorney fees and costs, comma, damage multipliers, penalties, sanctions, punitive damage, and interest. I don't have any other specific numbers for you aside what we have in our opening brief, and that's what's in the record in the notice of removal. Okay. Is that sufficient? No. Yes, we have applied an amount in excess of $75,000. That is sufficient, yes. Is that because you're including the costs and fees and interest? Well, we're including the base fees and the improperly charged composite rates. On the basis of the complaint, there's no allegation that you're over $75,000 without costs, fees, and interest, correct? That is correct, yes. That would be a problem. Yes. The second point that we would like to discuss today is the manifest disregard of the law, a standard which does remain a viable standard for vacating an arbitration award here in the First Circuit. Although the First Circuit recognized this as kind of a fifth ground under Section 10A in 2006 in the McCarthy case, since the Supreme Court has handed down Hall Street and Stolt-Nielsen, the Supreme Court has made clear that the grounds for vacating an award are those, the four grounds that are set forth in Section 10A, and that, as they said in Stolt-Nielsen, that manifest disregard of the law can be looked at as kind of a judicial gloss on those grounds. This Court has... So the arbitrator listened, grappled with the issues, made a decision, and we generally don't review decisions if they've been taken seriously. The arbitrator did listen. That is correct. If the arbitrator makes a legal error, as long as it's not a manifest disregard, we don't ordinarily review just plain legal errors. He did manifestly disregard the law here. The test is whether or not he recognized the applicable law and then chose not to apply it, and that's what happened here in two respects. First of all, under the Supreme Court's decision in Mastro Bono and its progeny, where a contract such as ours has an arbitration provision which specifies arbitration pursuant to the American Arbitration Association and a separate generic choice of law provision, the choice of law provision does not apply to the arbitration provision unless the arbitration provision specifically states that. Here, of course, it does not, and so the arbitration was to be conducted according to the FAA and the AAA. But Mastro Bono and those cases don't involve the McGarren-Ferguson Act, right? They do not. So isn't there just the problem is just the premise, which is maybe the applicable law includes McGarren-Ferguson and there's no case saying it doesn't. May I answer? The problem that we have here is your question goes to the second area in which the arbitrator manifestly disregarded the law. He disregarded the party's intent. That is a fundamental cornerstone of all contract interpretation, and here, in order to get to McGarren-Ferguson, you have to first find that the choice of law provision applies to the arbitration provision, which is contrary to the party's intent as set out in the contract. The arbitrator specifically said this is not an intent to the party's case. He jumped over that whole step. But really every breach of contract case, of course, is going to start with looking at the intent of the parties. But in saying that it's not the party's intent, he grappled with that issue also and came to the legal conclusion that it wasn't. He really, with all due respect, did not grapple with the issue of party's intent. He really starts off the first paragraph saying, this is not an intent to the party's case. He never explains in his decision why it's not an intent to the party's case. Because, again, we must all acknowledge that when you're looking at a contract, we're always starting with the intent of the parties. So he really didn't grapple with that at all. He kind of just jumped straight to, this is not an intent to the party's case. I have this Nebraska statute, and we've got the federal one, and that's it. Later on, he does come back at the very end with a discussion of master bono and kind of says, well, it's tempting to go that way, but, again, this is not an intent to the party's case. Thank you. Thank you. Mr. Bertoni, good morning. Good morning. My name is David Bertoni. I'm counsel for Mountain Valley Property. And I don't often like to jump into an argument confessing to an error, but I must tell you that the $87,000 is actually the premium. It does not include the residual elements that were listed in that paragraph. I know more about Oxford commas now, and perhaps I would have written this differently if it came before me now, but the amount in controversy as a matter of honesty to this tribunal is, in fact, in excess, without interest, without attorney's fees. So I wanted to begin there. On the question of jurisdiction, I think the jurisdictional issue here is the thorny one because one of the cases cited by my sister, in fact, includes a case in which there was a motion to vacate, and, in fact, it was denied and 54B certification was sought. And I must tell the panel that, in all honesty, that is what I think is the appropriate protocol in this case because there is nothing under the individual elements of the Arbitration Act that opened the door to appellate jurisdiction. If they felt this was a separate, separable part of the case that ought to be heard on an appellate basis now, 54B would have been the way to do that. Why they didn't go that route, inexplicable, I would have done so. So putting 54B aside... Before you do, just so I understand, what is the nature of the action to vacate an arbitral award? So what puzzles me about it is whether that's just a separate action. I know it's styled as a motion for an order in the litigation, but, in fact, if there had never been any litigation and there just was an arbitration, you could still move under 9 U.S.C. to overturn the award, right? That's correct. And you'd file the exact same action. You would not only file the exact same action, but you'd file it by motion. And then Rule 54 would have nothing to do with it. Pardon me? Then Rule 54 would have nothing to do with it. It would just be a single action. It would be the single action before the court. So I guess what I'm puzzled here is, in what respect are we dealing with something different than that? I understand it arises in the context of a suit against other defendants and other claims against other defendants, but this defendant has simply moved to vacate an arbitral award, which, when they do it, why don't we just look at that as, well, you just brought a separate action to vacate an arbitral award, so Rule 54 is irrelevant. It's interesting. I must say my clients and I share a common desire for this court to have jurisdiction. I think that's wrong, and I think the reason it's wrong is that it's within the power of a party to bring an independent action, solving the coextensive issue of a final judgment. They could have taken this motion and filed it in Nebraska, in the federal court in Nebraska. They chose to bring it in part, and I think it exudes from the pleadings in this case that part of this was to throw a monkey wrench into a case of conspiracy between three related companies, and what they did is they brought it to a standstill, and that's worked. I'm fearful that it gets remanded, and then they seek 54B, and then we're back here again. That's another concern that I have. My clients want to get to the merits of this case, but here they've chosen to incorporate this motion into a standing case involving two related companies. They've chosen to prosecute it. They chose not to 54B it. They brought it up, and when asked to defend the jurisdiction, focus on specific provisions of the Arbitration Act that don't deal with the denial of a motion to vacate, and then they flip it on its head on appeal to argue that, well, they should be heard because it promotes the sanctity of arbitration, when in fact what's being challenged is an arbitral decision, so that to allow this to proceed on appeal now goes against the grain of the Arbitration Act. Just textually, is there a gap between the language of final judgment in Rule 54 and the language of final decision in the applicable provision of 9 U.S.C.? Yeah, it's an interesting question. I think the Supreme Court has held that we adopt, for purposes of the Arbitration Act, the standard definition of final decision, which is final judgment, and so I think that for purposes of analyzing the interplay of those rules. So just so I get it straight, you're happy to concede, for jurisdictional purposes, not that you do concede, that this is a final judgment, and you still would say they've got to get a Rule 54, or is that not how you want us to work? That is not how I view this case in all honesty. But that's true, because from your perspective, even if it's a final judgment, we still don't have jurisdiction, because they didn't comply with Rule 54, but you want us to rule that it's also not a final judgment? I don't think it is a final judgment. I think the final judgment means that... Before you get to this, is that right, though, that even if it is, there's still no jurisdiction, in your view, because of Rule 54? Because they didn't comply with the Rule 54 process? Wait, that's an interesting question. I don't know how one reaches that, but I think that if it is a final judgment, if this Court concludes that... We disagree with them that it's a final judgment, then you say, yeah, but you can't get appeal, because you didn't comply with Rule 54. Whether I agree that it's a final judgment or not is probably beside the point. I don't think technically it qualifies as a final judgment. There are still matters pending before the Court. You're still not answering my question. If we disagree with you, and think it is a final judgment, do you have a view as to whether we then have jurisdiction, or do we not have jurisdiction, because as a final judgment, it still would have to comply with Rule 54, and there was no application for leave to appeal under Rule 54. And while you're thinking it through, remember 54 has two components. Not only do you have to get permission, but the District Court has to make specific findings that there is just cause to appeal right now. Right. Right. If this is a final judgment for purposes of the Federal Arbitration Act, and it falls under the subpart that deals with final decisions, then I think it falls within the jurisdiction of this Court to hear this appeal. Because the Arbitration Act, I think, is intended by its structure to allow a certain category of cases to have a fast track to the Court of Appeals. But one of the reasons I think that doesn't make sense to me is that the Supreme Court, when looking at that section, said we can't come up with a final decision rule that is independent from our own general jurisprudence about what constitutes a final judgment. And in every case cited by my sister in her brief, they're all cases in which the appeal is generated out of a decision that resolves the matter at the lower court. There is not a single case that's cited that involves an interlocutory appeal of a decision like this. What I'm trying to understand is the reason it's interlocutory because of the other claims against other defendants. Correct. But that's a Rule 54 point. If this was just between you and her, if there were no other cases and no other defendants... Appeal would lie. That would be a final judgment if it was simply a case against Ankara. Then the only thing that's not making it a final judgment, as far as I can tell, would be the thing that Rule 54 is concerned with. Correct. So that would suggest you have to comply with Rule 54. That is my belief, Your Honor. You only get into Rule 54 if it's a final judgment. Pardon me? I thought you only get into Rule 54 if it's a final judgment. No, you only get into Rule 54 if the court has issued a decision that it rules is segregable in a meaningful sense from the balance of the case and the appeal of that issue would be appropriate and whether it satisfies judicial efficiency, etc. So that... I've been involved in cases where 54B has been sought and obtained and it's decidedly not a final judgment from how that term is generally defined, but it's an exception to the final judgment rule. It allows a certification of a particular decision that otherwise would not be subject to appellate review. That's the process that should have been undertaken here, Your Honor, in my opinion. So 54B is applicable in my opinion? Yes, Your Honor. The only way it wouldn't be is if you looked at the Federal Arbitration Act and it provided a channel for appeal. I thought Rule 54 can't make something that is not a final decision final. I thought what Rule 54 does is make something that otherwise would be appealable not appealable unless there's specific court approval because of other parties and other claims. Well, I think that's right. I think we're talking about it from two different directions. So to get in, the gating into Rule 54 is you have to have a final judgment. If the thing is not a final judgment at all, intrinsically is interlocutory, you never get to Rule 54 because Rule 54 can't make something final. Rule 54 is a separate gate, I thought, for certain final judgments to get to us that are made interlocutory because they're part of an action which has other claims and other defendants, which is what we've got here. And I didn't look at this issue particularly, but I can tell you from my own experience, 54B was granted on a question of whether a mortgage loan was subordinated. And so that issue, the court felt, was sufficiently intrinsic to the balance of the case that it certified the decision. I think it was on a motion for summary judgment. It disposed of a part of the case, but not the whole case. And I can certainly see 54B being applicable if a court decides to dismiss an entire action against one of three defendants, let's say. That is a quasi-final judgment. For that defendant's purposes, it is a final judgment. And you can certainly use 54B to elevate that threat of the case. But you're saying no here because the claim against this defendant is still alive? Is that the idea? Well, the claim against this defendant still lies. It's not the end of the road for this defendant. What they've only had happen is their preferred forum for deciding this legal question has been unfavorable to them. And so if and when this case returns to the district court, there will be litigation against them on the underlying claims. Can the issue of arbitration, it would come up, it could come up before us after the case has been heard on the merits? That's correct. This issue could, in fact. If you look at the Federal Arbitration Act, it carves out certain issues that are subject to immediate appeal, but the rest are not. So that there's a decision to, a failure to vacate an arbitration decision like this case, if not adjudicated here and now by this court, that issue could be appealed at the end of the litigation after a jury trial. And this court would face it then, as it would, among what other appeal issues might exist. So, yes. So that argument's not a final decision with respect to arbitration yet. That's right. So I want to turn, I have a little bit of time left, I just wanted to turn to the manifest disregard issue. And in preparation for today's argument, I think I'm quite convinced that manifest disregard to the extent of My last word. This is a peculiar function of the nature of the arbiter's decision, is that right? In other words, sometimes the arbiter says, I get to decide the question. Correct. And X wins or X loses. In that case, a motion to vacate the award when it's rejected, that's end of story. That's end of story. And the reason this is a little bit peculiar is because what the arbitrator did was decide, the reason one party loses or one party wins is because it's not arbitral. And let me be, is that right? I think that's right. Let me put a finer note on it. And that's what makes it not final because the nature of that decision leaves open for the question of whether it can be, what, arbitrated again to come back? Yeah. You know, what's interesting, Your Honor, is that it is not the garden variety question of arbitrability, i.e., if you look at the cases, I think the nuanced definition is that certain matters might or might not fall under a clause. That's arbitrability. Does a breach of contract claim fall under a clause? Does it not? This goes to the legality of the clause itself, which we had a pitched battle below to determine whether the arbitrator should decide that question or a court should as a gaining matter. So the question here is the legality of the clause. And that's right. I mean, ultimately, what's now happening as a result of that decision, it is not that the case against Auker is going away. It will not. One way or another, either an arbitrator will hear it if by some process it ends up back there, or the court below will hear it. So it is not final. It is as if Auker brought the case in federal court, lost on a motion to dismiss, and now must proceed to the merits. It is far from bringing this case to a conclusion. I see that I have one minute left. If the panel has any questions on the manifest disregard issue, I'd be happy to address them. I assume you think it's gone. I think it's gone, but I think it's become, as the court suggested in an opinion in January, that it's now, it's probably a gloss on the other issue that they raised, and I thought raised in a reply brief below. But nonetheless, I think it's a gloss on the arbitrator exceeding his or her authority. I take it we can't do hypothetical jurisdiction on this type of case? I don't think so, Your Honor. I don't think so. Thank you. Appreciate your time this morning. Thank you. That's it, folks. I don't think we need to look at hypothetical jurisdiction, because you do have jurisdiction under the Federal Arbitration Act. Rule 54B, I did think about this as I was preparing for the argument, because it is an interesting interplay. We, as we've set out in our briefs and discussed today, maintain strenuously that we have a right to an automatic interlocutory appeal under two alternate provisions of the Federal Arbitration Act. That said, though, if for some reason we had any doubt about that, we would have still filed the notice of appeal, as we did invoking this court's jurisdiction under the FAA, because we really could not have waited. The time it would have taken to brief and argue and receive a decision on Rule 54B finding, which is discretionary with the district court, would undoubtedly, or I should say at least presumably, have consumed the 30-day time window from the district court's order denying our motion to vacate.  It's just that it has said in some instances, pardon me, that it's sympathetic to this line of case law that if you have an available interlocutory appeal under the Federal Arbitration Act, and you do not timely exercise that appeal, you forfeited that issue for a merits review. As you were discussing with my opposing counsel, with respect to, yes, this decision on the arbitrability of the claims can later be decided at the end of the day, following litigation in the district court. We could never, ever have taken a chance that we would forfeit an interlocutory appeal under the FAA as a matter of right by either, A, not pursuing this appeal at all, or somehow choosing to pursue Rule 54B findings in addition to proceeding with an appeal under the statute. And I feel and I still don't believe that Rule 54B findings are necessary in this particular instance because we have two statutory provisions that apply. The decision of the arbitrator is either an award of arbitration or it's a final decision of arbitration. Can you just answer his point about how is it, or I guess Judge Thompson's point, how is it a final decision since it could be raised again at the end of the litigation? It's a final decision because it finally decides the issue of whether or not this controversy will be arbitrated. And this, again, brings us back to the purpose of the Federal Administration Act, I'm sorry, Arbitration Act. That's circular. If we could review it later, how does that, and we could reverse it, assuming we could review it later when everything was done, we could reverse it. This, I'm sorry, if I could answer your question. This Court has made clear that interlocutory appeals of orders denying arbitration are necessary to prevent the courts and the parties from wasting resources, and I believe it's the first source case of this Court. If I could ask one more about that. Is there any case saying that when the denial of arbitration is made by the arbitrator, that's the same case as one where the denial of arbitration is made by the court? Because the only one denying arbitration here is the arbitrator. The arbitrator denied us arbitration. Yes and no. Because the District Court then did not vacate that award. So we went to the District Court and said, this arbitrator manifestly disregarded the law for all of these reasons, et cetera. We're asking you to please set this aside and send the action to arbitration. The District Court said no. So we are looking at both the decision of the arbitrator and of the District Court judge as well. If there are no more questions, thank you very much. Thank you.